# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE ROBISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-02368-JCH |
| | ) | |
| KAREN SALEMEN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Dwayne Robison for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $3.33. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement. (Docket No. 4). The account statement shows an average monthly deposit of $16.67. The Court will therefore assess an initial partial filing fee of $3.33, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pro se litigant currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint names Karen Salemen, Ashley Eastmen, Lisa Sanderson, Warden Terri Lawson, and Kenneth Hovis as defendants. Defendant Lawson and Salemen are sued in both their individual and official capacities. (Docket No. 1 at 2-3). Plaintiff does not indicate the capacity in which he is suing defendants Eastmen, Sanderson, and Hovis. The complaint is handwritten on a Court-form. Attached to the complaint are a number of documents, including an informal resolution request (IRR), an IRR response, an offender grievance, an offender grievance response, a grievance appeal, and a grievance appeal response. The Court will treat these attachments as part of the pleadings.[1] The focus of plaintiff's complaint is that he is not allowed in a two-man cell, but has been restricted to a single-man cell.

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

On February 28, 2019, plaintiff received a conduct violation for fighting with two other offenders in Housing Unit 7. (Docket No. 1 at 4). He went to Housing Unit 5, where he was placed in a two-man cell. Plaintiff states that he was in the two-man cell for a month and a half. After being in the two-man cell by himself for two weeks, a correctional officer placed another inmate in the cell with him. Plaintiff states that he had a cellmate for approximately three weeks, before his cellmate went to medical, where he received a bottom bunk lay in. When the cellmate returned, plaintiff was informed that he would remain in the cell. However, an hour later, plaintiff states that he was advised that he would be moving to a single-man cell. Plaintiff alleges that he later learned he was placed in a single-man cell after a correctional officer spoke with Sanderson and with Functional Unit Manager (FUM) Hovis.

Plaintiff accuses Sanderson of discrimination and unfair treatment based on protected characteristics, "such as race, color[,] ancestry[,] national origin [and] sex[,] and based [on his] religion, disability, [and] genetic information." He states that because of "papers" sent by defendant Sanderson, he is on a "single man hold at ERDCC." (Docket No. 1 at 3). He alleges that Sanderson has refused his mental health medication and has refused "any type of help to get [him] stable and [to] feel safe." However, plaintiff does not identify the medication that Sanderson is supposedly withholding. Plaintiff further states that Sanderson is liable for discrimination, harassment, retaliation, unprofessional conduct, and going beyond her duties "as a chief" of mental health services. (Docket No. 1 at 4).

With regard to defendant Eastmen, plaintiff states that Eastmen has refused to remove him from single-man cell status, and has repeatedly told plaintiff that he needs to be in a single-man cell. (Docket No. 1 at 5). Plaintiff repeats this claim with regard to defendants Sanderson, Salemen, and Hovis. With regard to defendant Salemen in particular, plaintiff alleges that Salemen slandered

4

him by accusing him of having sex with his cellmate. (Docket No. 1 at 4). Plaintiff also alleges that "prison officials retaliated against [him] as [a] prisoner for filing law suits by placing [him] in single man segregation." (Docket No. 1 at 5).

With regard to Warden Lawson, plaintiff states that Lawson had "no reason to send false documents to ERDCC" regarding his placement in a single-man cell while he was at Farmington Correctional Center.

With regard to FUM Hovis, plaintiff asserts that Hovis went out of his was way to retaliate against him by putting him in a single-man cell. Plaintiff also claims that FUM Hovis made numerous slanderous statements against him and that his excuse for keeping plaintiff in a single-man cell was that plaintiff would blackmail other offenders for sex.

Plaintiff is seeking $1,575 in damages. (Docket No. 1 at 6).

## Discussion

Plaintiff is a pro se litigant who brings this civil action pursuant to 42 U.S.C. § 1983. While he makes various accusations, his chief complaint is that defendants have wrongfully kept him in a single-man cell, rather than allowing him to have a cellmate in a two-man cell. Having reviewed the complaint, and for the reasons discussed below, this action must be dismissed for failure to state a claim.

### A. Defendant Lawson

Plaintiff alleges that Warden Lawson, who is the warden at Farmington Correctional Center, sent "false documents to ERDCC" that resulted in him being confined to a single-man cell. Warden Lawson is sued in both an official and individual capacity.

### i. **Official Capacity Claim**

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, Warden Lawson is alleged to be employed by the Missouri Department of Corrections, a department of the State of Missouri. Thus, plaintiff's official capacity claim against Lawson is actually a claim against the State of Missouri itself. As discussed below, such a claim must fail.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983").

Warden Lawson is a state employee. For purposes of 42 U.S.C. § 1983, a state official acting in an official capacity is not a "person." As such, plaintiff has not stated a § 1983 claim against Lawson in an official capacity.

### ii. Individual Capacity

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

The only allegation that plaintiff makes against Warden Lawson is that that Lawson sent "false documents to ERDCC." There are no supporting facts to explain what plaintiff means by "false documents." There are also no facts to support the proposition that Warden Lawson's alleged conduct deprived plaintiff of a constitutionally protected right. As such, he has failed to state a claim against Warden Lawson in an individual capacity.

### B. Defendant Salemen

Plaintiff states that defendant Salemen is a qualified mental health practitioner employed as a counselor at Farmington Correctional Center. He alleges that she failed to remove him from single-man cell status and that she slandered him by accusing him of having sex with his cellmate. Defendant Salemen is sued in both an official and individual capacity.

### i. Official Capacity

As noted above, an official capacity claim against an individual is actually a claim against the governmental entity that employs the individual. *See White*, 865 F.3d at 1075. It is unclear from the complaint whether Salemen is employed by the State of Missouri or by a contracted medical provider, such as Corizon. To the extent Salemen is a state employee, plaintiff's claim fails because a state official acting in her official capacity is not a § 1983 person. *See Will*, 491 U.S. at 71. To the extent that Salemen is employed by a contracted medical provider, such as Corizon, plaintiff has failed to show that his rights were violated by a policy, custom, or official action on the part of the provider. *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (stating that to support a claim against a corporation acting under color of state law, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury"). In either event, plaintiff has failed to state an official capacity claim.

### ii. Individual Capacity

As to plaintiff's claim that defendant Salemen refused to remove him from single-man cell status, plaintiff has not stated a constitutional violation. In order to prevail on a due process claim, a plaintiff must first demonstrate that he or she was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). *See also Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998) (explaining that to claim a due process violation, plaintiff has to be deprived of either life, liberty, or property, otherwise "it does not matter whether one has received due process or not"). As life or property is not at issue in this case, plaintiff must identify a liberty interest to sustain a due process claim. *See Phillips*, 320 F.3d at 847.

The United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship

on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, plaintiff states that defendant Salemen has violated his constitutional rights by keeping him in a single-man cell.

Salemen's purported actions are not entirely clear, since plaintiff presents this accusation in the form of a conclusion. Nevertheless, plaintiff has not established a protected liberty interest because he has not demonstrated that being placed in a single-man cell is an atypical and significant hardship. For example, there is no indication that plaintiff's placement in a single-man cell restricts any of his privileges, makes him unable to earn goodtime credits, or keeps him entirely isolated or unable to associate with other inmates. Instead, without any support, he merely asserts a general right to be placed in a two-man cell. At no point does plaintiff attempt to explain how placement in a single-man cell amounts to an atypical and significant hardship when compared to ordinary prison life. Since plaintiff has not identified a liberty interest, there is no constitutional violation. Therefore, this allegation fails to state a claim and must be dismissed.

As to plaintiff's claim that defendant Salemen slandered him, plaintiff has failed to assert a constitutional violation. *See Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) (stating that name calling is not a constitutional violation for purposes of an action pursuant to 42 U.S.C. § 1983). *See also Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (stating that an inmate cannot recover damages for defamation under § 1983 "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States"). Therefore, this allegation also fails to state a claim and must be dismissed.

### C. Defendants Sanderson, Eastmen, and Hovis

Plaintiff alleges that defendant Sanderson sent papers to ERDCC that kept him on single-man cell status, that she treated him unfairly based on protected characteristics, that she retaliated

9

against him, and that she refused him mental health medication. With regard to defendant Eastmen, plaintiff asserts that Eastmen refused to remove him from single-man cell status, and has repeatedly told plaintiff that he needs to be in a single-man cell. Finally, with regard to defendant Hovis, plaintiff states that Hovis put him in a single-man cell as a means of retaliation, and that Hovis made numerous slanderous statements against him. Plaintiff does not indicate the capacity in which he is suing Sanderson, Eastmen, or Hovis.

### i. Official Capacity Presumed

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson*, 172 F.3d at 535 ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

Plaintiff does not indicate whether he is suing defendants Sanderson, Eastmen, and Hovis in their official capacities, their individual capacities, or both. Certainly, he does not expressly and unambiguously state that he is suing them in an individual capacity. Thus, it is assumed that he is suing them in their official capacities only.

As previously discussed, an official capacity claim against an individual is actually a claim against the governmental entity that employs the individual. *See White*, 865 F.3d at 1075. To the extent that Sanderson, Eastmen, or Hovis are state employees, plaintiff's claim fails because a state official acting in his or her official capacity is not a § 1983 person. *See Will*, 491 U.S. at 71. To the extent that Sanderson, Eastmen, or Hovis are employed by a contracted medical provider, plaintiff has failed to show that his rights were violated by a policy, custom, or official action on the part of the provider. *See Johnson*, 452 F.3d at 973 (stating that to support a claim against a corporation acting under color of state law, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury"). In either event, plaintiff has failed to state an official capacity claim against Sanderson, Eastmen, and Hovis.

## ii. Individual Capacity

Even if plaintiff's complaint is read to include individual as well as official capacity claims against Sanderson, Eastmen, and Hovis, the claims must still be dismissed.

### a. Defendant Sanderson

As to plaintiff's claim that defendant Sanderson acted in such a way as to keep him confined to a single-man cell, rather than allowing him into a two-man cell, plaintiff has not stated a constitutional violation. In order to prevail on a due process claim, a plaintiff must first demonstrate that he or she was deprived of life, liberty, or property by government action. *Phillips*, 320 F.3d at 846. *See also Singleton*, 155 F.3d at 987 (explaining that to claim a due process violation, plaintiff has to be deprived of either life, liberty, or property, otherwise "it does not matter whether one has received due process or not"). There is no indication that life or property is at issue in this case; thus, plaintiff must identify a liberty interest to sustain a due process claim. *See Phillips*, 320 F.3d at 847. To that end, the United States Supreme Court has determined that

prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Here, plaintiff states that defendant Sanderson violated his constitutional rights by keeping him in a single-man cell. However, plaintiff has not established a protected liberty interest because he has not presented any facts to show that being placed in a single-man cell is an atypical and significant hardship. For example, there is no indication that plaintiff's placement in a single-man cell restricts any of his privileges, makes him unable to earn goodtime credits, or keeps him entirely isolated or unable to associate with other inmates. Instead, without any support, plaintiff simply asserts a general right to be placed in a two-man cell. There is no attempt to explain how placement in a single-man cell amounts to an atypical and significant hardship when compared to ordinary prison life. Because plaintiff has not identified a liberty interest, it follows that there is no constitutional violation. Therefore, this allegation fails to state a claim and must be dismissed.

As to plaintiff's claim that Sanderson treated him unfairly based on a protected characteristic, specifically his sexual orientation, plaintiff has failed to present any facts to support his legal conclusion. Indeed, he does nothing more than recite the elements of a cause of action, which is insufficient to state a claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, a "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Likewise, plaintiff's claim that Sanderson retaliated against him does nothing more than assert a conclusion without any factual enhancement. This is also not sufficient to state a claim. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating

that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

Finally, as to plaintiff's claim that Sanderson refused him mental health medication, plaintiff has not stated a claim of deliberate indifference to his medical needs. In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

Here, plaintiff alludes to his mental health issues, but does not specifically describe a serious medical need. Furthermore, he does not name the medication that Sanderson supposedly refused him, indicate what that medication is for, or mention the potential danger to him if he does not receive that medication. Without that information, plaintiff has not demonstrated that defendant Sanderson was deliberately indifferent to his medical needs. Certainly, he has not shown that her actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *See Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). Therefore, he has failed to state a deliberate indifference claim.

For the above-stated reasons, plaintiff has failed to state an individual capacity claim against defendant Sanderson.

### b. Defendant Eastmen

Plaintiff asserts that defendant Eastmen refused to remove him from single-man cell status, and has repeatedly told plaintiff that he needs to be in a single-man cell. As discussed at length above, plaintiff has not demonstrated that his placement in a single-man cell is an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Accordingly, he does not have a liberty interest in being placed in a two-man cell. Since plaintiff has no liberty interest in being placed in a two-man cell, Eastmen's refusal to remove him from single-man cell status is not a constitutional violation. Thus, plaintiff has not stated an individual capacity claim against defendant Eastmen.

### c. Defendant Hovis

Plaintiff asserts that defendant Hovis refused to take him off single-man cell status, put him in a single-man cell as a means of retaliation, and made numerous slanderous statements against him. With regard to Hovis's alleged failure to take plaintiff off of single-man cell status, plaintiff has not demonstrated a liberty interest in being in a two-man cell. Thus, he has not shown that Hovis violated his constitutional rights.

With regard to plaintiff's retaliation claim, plaintiff has failed to provide any factual enhancement to support his conclusory statement that Hovis retaliated against him. The Court is not required to accept such a conclusion as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

Finally, with regard to plaintiff's allegation that Hovis slandered him, such an accusation does not state a constitutional violation. *See Martin*, 780 F.2d at 1339 (stating that name calling is not a constitutional violation for purposes of an action pursuant to 42 U.S.C. § 1983). *See also*

*Ellingburg*, 518 F.2d at 1197 (stating that an inmate cannot recover damages for defamation under § 1983 "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States").

For all the above-stated reasons, plaintiff has failed to state an individual capacity claim against defendant Hovis.

### D. Retaliation Claim

In his complaint, plaintiff states that "prison officials retaliated against [him] as a prisoner for filing law suits by placing [him] in segregation." Prison officials cannot impose a disciplinary sanction against a prisoner in retaliation for a prisoner's exercise of a constitutional right. *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). Under the Eighth Amendment, a "prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007). Simply alleging that an act was retaliatory is insufficient. *Id*.

Here, plaintiff's allegation of retaliation amounts to a single sentence that does nothing more than state a legal conclusion. That is, plaintiff has alleged a retaliatory act without any support. Specifically, there are no facts showing that the exercise of his right to file lawsuits was motivation for placing him in segregation. The Court is not required to accept such a conclusory pleading as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Therefore, this allegation fails to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $3.33 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this __11th____ day of _____February_____, 2020.


\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE